## Town of Canteen, Appellant, v. Fred Weber and Martha Weber, Appellees.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. WM. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 17, 1916. Rehearing denied May 25, 1916.

### Statement of the Case.

Action by the City of Canteen, plaintiff, against Fred Weber and Martha Weber, defendants, in the City Court of East St. Louis, to recover a penalty for the obstruction of a highway. From a judgment for defendants, plaintiff appeals.

This case was before this court on a prior appeal (188 Ill. App. 405), where the evidence was substantially the same as in this appeal.

N. C. LYRLA, for appellant.

W. E. KNOWLES, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. ROADS AND BRIDGES, § 23*—*when evidence insufficient to establish use of premises as highway.* In an action by a town to recover a penalty for obstructing a highway under section 71 of the Roads and Bridges Act (J. & A. ¶ 9700), where the principal question was whether the premises in question had been used as a highway for fifteen years, evidence examined and *held* that a verdict of a jury that such premises had not been so used for such period was manifestly against the weight of the evidence.

2. ROADS AND BRIDGES, § 200*—*what is nature of proceeding to collect penalty for obstruction of highway.* A proceeding to collect

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

such a penalty as that provided by section 71 of the Roads and Bridges Act (J. & A. ¶ 9700), for obstruction of a highway, is not a criminal action or criminal in its nature, but is an action of debt or assumpsit.

3. ROADS AND BRIDGES, § 199*—*when inclusion of obstructed highway within limits of village no bar to action for obstruction of highway.* A town which has become entitled to a penalty for obstructing a highway under section 71 of the Roads and Bridges Act (J. & A. ¶ 9700) is not deprived thereof by reason of the fact that after the suit was brought the portion of its territory which includes the place where the highway was alleged to have been obstructed has been set off and incorporated as a village.

4. ROADS AND BRIDGES, § 208*—*when evidence that obstructed highway within territory of village incorporated since accrual of action for obstruction incompetent.* In an action by a town to recover a penalty for obstructing a highway under section 71 of the Roads and Bridges Act (J. & A. ¶ 9700), evidence that after the suit was brought the portion of the highway alleged to have been obstructed was within the territory of a village incorporated since the right of action accrued is incompetent, and it is error to admit such evidence.